IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRONSON McSHANE, ) | CV. NO. 07-00027 JMS-LEK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER DISMISSING COMPLAINT |
| ) | PURSUANT TO 28 U.S.C. § 1915 |
| OCCC, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915

Before the court is *pro se* Plaintiff Bronson McShane's prisoner civil rights complaint, brought pursuant to 42 U.S.C. § 1983.[1] McShane, a Hawaii state inmate incarcerated at Oahu Community Correctional Center ("OCCC"), complains about an accident he had in the shower at OCCC. For the following reasons, the court DISMISSES McShane's Complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

## I. BACKGROUND

McShane names the following defendants in their official capacities only: (1) OCCC Adult Correctional Officer "ACO Tom;" (2) an unnamed nurse at the OCCC Medical Unit;[2] (3) The Queen's Medical Center; and (4) OCCC Warden Nolan Espinda.

---

[1] Although McShane titles his Complaint as a "First Amended Complaint," it is the first Complaint that McShane has filed in this action.

[2] At times McShane refers to a nurse at the OCCC Medical Unit, and at other times he refers only to the OCCC Medical Unit itself. To give effect to McShane's claims, the court construes the Complaint as naming an *employee* of the Medical Unit.

McShane claims that, on August 19, 2006, he slipped while taking a shower at OCCC and cut his forehead on a soapdish.  He was taken to The Queen's Medical Center, where he received five stitches.  Although the Complaint is not a model of clarity, it appears that McShane seeks to hold Defendants liable for failing to remove and replace the prison showers' soapdishes to prevent another accident of this kind from occurring.  McShane claims that ACO Tom, the OCCC Medical Unit (or, perhaps, the unnamed OCCC nurse), and Espinda are responsible because "nothing was done to help stop preventing any other incidents [from] happen[ing]."  (Count I, ¶ 3)   He claims that the OCCC Medical Unit, or the nurse, and The Queen's Medical Center are responsible for "not telling OCCC that [the showers' soapdishes were] unsafe and [needed to be] fixed."  (Count II, ¶ 3)  Finally, he alleges Espinda is responsible because he knew of McShane's accident and did not fix the soapdishes "to help prevent another accident from [happening]."  (Count III, ¶ 3.)

McShane seeks payment for his medical bills,[3] as well as $50,000, representing $10,000 for each stitch he required.  He also wants OCCC to repair the soapdishes to prevent future injuries.

\\\

\\\

---

[3] It is unclear to the court why McShane's medical bills are unpaid, as the accident occurred while he was incarcerated at OCCC.

## II. **LEGAL STANDARD**

Federal courts must screen all cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). The court must also dismiss a complaint or claim at any time, notwithstanding any fee that may have been paid, if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2).

The court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Unless it is absolutely clear that no amendment can cure the defect . . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*).

### III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

There are several infirmities with McShane's Complaint, which the court discusses below.

**A.  State Defendants Are Immune From Suit for Damages in their Official Capacities**

The court lacks jurisdiction over McShane's claims for damages against the State Defendants named in their official capacities.  Those claims are barred by the Eleventh Amendment, which "prohibits federal courts from hearing suits brought against an unconsenting state."  *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); *see also Idaho v. Couer d'Alene Tribe*, 521 U.S. 261, 267-68 (1997).  Defendants Tom, Espinda, and the unnamed OCCC nurse, as state prison officials, are immune from suit for damages in their official capacities.  *See Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

The Eleventh Amendment does not bar all claims against prison officials in their official capacities, and it does not bar claims against state officials sued in their individual capacities.  While state officials acting in their official capacities may not be sued in federal court for damages or violations of state law, they may be sued in federal court for prospective injunctive relief sought in

connection with alleged violations of federal law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984); *Lawrence Livermore Nat'l Lab.*, 131 F.3d at 839. McShane apparently seeks prospective injunctive relief in the form of an order requiring Defendants to repair the prison showers' soapdishes. He does not, however, name any defendant individually. Claims for damages against Tom, Espinda, and the unnamed OCCC nurse in their official capacities are DISMISSED.

The Eleventh Amendment is not a bar that may be cured by the filing of an amended complaint. While this order gives McShane leave to amend the Complaint, any such submission may not reassert claims dismissed here on the ground that the claims are barred by the Eleventh Amendment. That is, he may not reassert damage claims against Defendants in their official capacities.

**B.    The Complaint Fails to Comply with Fed. R. Civ. P. 8.**

Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (*quoting* Fed. R. Civ. P. 8(e)(1)). Simply put, "[a]ll that is required [by Fed. R. Civ. P. 8(a)] is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the

ground upon which it rests.'" *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) (*quoting Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 870 (9th Cir. 1991)).

McShane fails to clearly allege what privilege or immunity protected by the Constitution or laws of the United States was violated when Defendants allegedly either failed to notify the prison to repair the soapdishes in the prison's showers, or failed to actually repair the soapdishes. Without an allegation describing the conduct that Defendants engaged in which allegedly violated his constitutional rights, McShane fails to state a claim against them. It is impossible for Defendants to answer or to defend against McShane's Complaint. As such, the Complaint is DISMISSED with leave granted to amend, if possible.

**C.    The Complaint Fails to State a Claim Under the Eighth Amendment**

Even liberally construing McShane's claims as asserting an Eighth Amendment violation, based on his vaguely stated claims of "threat to safety," or denial of "medical care," the facts alleged do not support such a claim. (*See* Count II, ¶ 2 & Count III, ¶ 2.) To prevail on an Eighth Amendment claim, an inmate must demonstrate objective and subjective requirements. An inmate must show that the prison official's acts or omissions deprived him of the minimal, civilized measure of life's necessities (the objective requirement), and that the prison official acted with deliberate indifference (the subjective requirement). *Lopez v. Smith*, 203 F.3d 1122, 1133 (9th Cir. 2000) (*en banc*). It is well-established that neither negligence nor gross negligence is actionable under § 1983 in the prison

context.  *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n. 4 (1994) ("[D]eliberate indifference describes a state of mind more blameworthy than negligence"); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner).  The applicable standard is one of deliberate indifference to an inmate's health or safety under the Eighth Amendment.  *See Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

McShane states that while he was in the shower he slipped and cut his forehead.  He admits that he was taken to The Queen's Medical Center and treated.  He makes no claim that he was denied medical treatment, or that he was injured in the shower due to any Defendant's deliberate or malicious act.  These facts simply do not demonstrate that, objectively, McShane suffered any sufficiently serious deprivation of a constitutional right or that, subjectively, the Defendants had the requisite state of mind in allowing or causing the alleged deprivation to occur.  *See Wilson v. Seiter*, 501 U.S. 294, 298-99, 303 (1991); *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984).  Although his injury is regrettable, McShane's allegations concerning his fall in the prison shower amounts to, at most, a state common law claim of negligence and no more, and are not cognizable as a constitutional tort under § 1983.  *See, e.g.*, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (finding that isolated occurrences of neglect may constitute grounds for negligence or medical malpractice claim, but do not rise to level of unnecessary and wanton infliction of pain).  As such, the Complaint is DISMISSED with leave granted to

amend.

**D.     There is No Supervisor Liability Demonstrated**

Even if McShane's claims were cognizable, he nonetheless fails to state a claim against Espinda in his supervisory capacity as OCCC Warden. McShane may not subject Espinda to liability on the basis of *respondeat superior*. *See Bibeau v. Pac. Nw. Research Found.*, 188 F.3d 1105, 1114 (9th Cir. 1999); *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). Liability may be imposed on supervisory defendants only if the supervisor personally participated in the deprivation of a constitutional right or if there was a sufficient causal connection between the alleged wrongful conduct and the violation. *See Mackinney v. Nielsen*, 69 F.3d 1002, 1008 (9th Cir. 1995). A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (*en banc*) (internal citations and quotations omitted). However, an individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987).

McShane fails to set forth any facts supporting that Espinda was aware of, much less personally participated in, any violation of his constitutional rights. Nor does McShane allege that Espinda established a policy, practice or custom that resulted in the violation of his constitutional rights. That is, McShane

fails to set forth facts that if proven would show that Espinda acted with deliberate indifference to his safety or medical needs. McShane alleges no facts indicating that, prior to McShane's accident, Espinda knew of any particular harm posed by either the prison's showers or their soapdishes, and then acted with deliberate indifference to that harm, or that he implemented a policy relating to the prison showers or soapdishes that was so deficient it was "the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446. He demonstrates no personal involvement by Espinda with his accident and subsequent treatment. McShane simply alleges that Espinda knew about his accident, presumably from an administrative grievance he claims that he filed, and didn't "take[] responsibility [for] the accident re slip and fall causing my eye to be split open . . . and not fixing [the soapdish] to help prevent another accident from happening." (Count III, ¶ 3.) McShane's filing a grievance, which may or may not have been seen by Espinda, after his fall does not impute Espinda with deliberate indifference to McShane's safety or medical care, or turn McShane's accident into a constitutional violation. Moreover, as discussed above, as the alleged negligence did not implicate a constitutional right, Espinda could not have implemented a policy that resulted in a constitutional violation. As such, Espinda, and McShane's claims against him, are DISMISSED with leave to amend.

**E.     The Queen's Medical Center is Dismissed**

In Count II, the only claim where McShane specifically names "Queens," he vaguely alleges: "treating my cut above right eyes needing stitches

above my right eyes and not telling OCCC that it was unsafe and [needs to] be fixed." (Comp. 5 ¶ 3.)  As he makes no claims of inadequate medical care, McShane is apparently attempting to hold The Queen's Medical Center liable for the prison's failure to repair the prison showers' soapdishes.  This claim fails for several reasons.

First, as detailed above, a claim that OCCC prison officials are negligent for failing to repair their showers' soapdishes does not rise to the level of a constitutional deprivation.  He cannot, therefore, hold The Queen's Medical Center liable for their failure to ensure that the prison fixed the showers.  He does not allege, nor can this court discern, under what theory The Queen's Medical Center is either responsible for the maintenance of the prison's showers, or has a duty to notify OCCC that its showers were unsafe and must be fixed.

Second, if McShane is alleging that the care he received at The Queen's Medical Center was in some manner subpar, that would, at most, present a claim of medical malpractice, and not a constitutional violation.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Lopez,* 203 F.3d at 1132.

Third, McShane fails to demonstrate how The Queen's Medical Center acted under the color of state law.  *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (generally, private parties are not acting under color of state law).  A private party may be sued under § 1983  only if sufficient facts are alleged to show that the conduct of the private party is "fairly attributable to the State" and that there was an agreement between the state and the private party to deprive

plaintiff his constitutional rights. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-37 (1982); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citations omitted). A plaintiff must allege sufficient facts to show that the private person wilfully participated in a joint action with state officials to deprive the plaintiff of his constitutional rights. *Degrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) (citing *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)); *Taylor v. List*, 880 F.2d 1040, 1048 (9th Cir. 1989). Simply put, to hold that a private party is acting under color of state law, the action complained of must be "fairly attributable to the state." *Lugar*, 457 U.S. at 937.

   McShane does not allege facts showing that such a joint action existed. Even if he had, "a bare allegation of joint action will not overcome a motion to dismiss; the plaintiff must allege 'facts tending to show that [the defendants] acted 'under color of state law or authority.'" *Degrassi*, 207 F.3d at 647 (*quoting Sykes v. State of Cal. (Dep't. of Motor Vehicles)*, 497 F.2d 202 (9th Cir. 1974)). The Ninth Circuit has consistently dismissed private hospitals and doctors in § 1983 claims for failing to come within the color of state law. *See Briley v. State of Cal.*, 564 F.2d 849, 855-56 (9th Cir. 1977) (private hospitals not acting under color of state law unless the state is significantly involved in the private party's activities); *Watkins v. Mercy Med. Center*, 520 F.2d 894, 896 (9th Cir.1975) (private doctors normally do not come within the color of state law). McShane fails to provide specific facts showing how The Queen's Medical Center

colluded with a state official to deprive him of his constitutional rights.

A plaintiff may also demonstrate that a private party is acting under color of state law "by proving the existence of a conspiracy . . . [t]o be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). However, "[i]n order for a private individual to be liable for a § 1983 violation when a state actor commits the challenged conduct, the plaintiff must establish that the private individual was the proximate cause of the violations." *Id.* at 445-46 (*citing King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986). "[A]bsent some showing that a private party had some control over state officials' decision [to commit the challenged act], the private party did not proximately cause the injuries stemming from [the act]." *King*, 782 F.2d at 829.

There are no allegations of a conspiracy in the Complaint. Nor does McShane explain how The Queen's Medical Center had such control over OCCC officials to have proximately caused their failure to repair the showers to McShane's satisfaction. The Queen's Medical Center is DISMISSED with leave to amend.

F.   **McShane Must Either Pay the Statutory Filing Fee or Submit an *In Forma Pauperis* Application With His Amended Complaint**

McShane is notified that parties filing actions in the United States district court are required to pay filing fees. *See* 28 U.S.C. § 1914(a). The court may authorize the commencement of any suit without prepayment of fees upon an adequate showing of indigency. The Prison Litigation Reform Act of 1995

("PLRA"), however, states that all prisoners are required to pay the full filing fee for a civil action, regardless of *in forma pauperis* status. *See* 28 U.S.C. § 1915(b)(1). Prisoners who are granted *in forma pauperis* status are allowed to pay the filing fee in installments subtracted from their prison trust accounts. *Id.* McShane has neither filed an *in forma pauperis* application nor paid the statutory filing fee. An action may proceed without the payment of filing fees only upon granting of *in forma pauperis* status. *See* 28 U.S.C. § 1915.

McShane is notified that if he decides to proceed with this action by filing an amended complaint he will be liable for the statutory filing fee of $350.00, which amount will be deducted in monthly installment payments from his prison account if he is granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(b). If his *in forma pauperis* application is denied, McShane will be required to pay the filing fee or risk dismissal of his action. *See* 28 U.S.C. § 1914(a); *see also In re Perroton*, 958 F.2d 889 (9th Cir. 1992) (affirming dismissal of appeal of *pro se* litigant for failure to pay required filing fees). Failure to either submit an *in forma pauperis* application or pay the filing fee when the amended complaint is filed will result in dismissal of this action. *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (district court has authority to dismiss without prejudice prisoner complaint for failure to pay partial filing fee); *In re Perroton*, 958 F.2d 889 (9th Cir. 1992) (affirming dismissal of appeal of *pro se* litigant for failure to pay required filing fees).

## IV. **CONCLUSION**

IT IS HEREBY ORDERED that:

1.     The Complaint is DISMISSED for failure to state a claim. Specifically, the court holds that: (1) damages claims against State Defendants named in their official capacities are dismissed without leave to amend; (2) the Complaint fails to comply with Fed. R. Civ. P. 8; (3) the Complaint fails to state a claim under the Eighth Amendment; (4) Defendant Nolan Espinda is dismissed; and (5) The Queen's Medical Center is dismissed. McShane is GRANTED until February 26, 2007 to file an amended complaint to cure the enumerated deficiencies in the Complaint, if possible.

2.     If McShane decides to amend his Complaint, he is ORDERED to either pay the $350.00 filing fee at that time, or to submit an *in forma pauperis* application.

3.     The Clerk is DIRECTED to send McShane a prisoner civil rights complaint so that he may amend the Complaint and an *in forma pauperis* application. If McShane decides to amend the Complaint in accordance with this Order, the amended complaint must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference." Local Rule LR10.3. The document must bear the docket number assigned this case and must be clearly labeled "Amended Complaint." Plaintiff is informed that failure to properly amend by February 26, 2007 will result in AUTOMATIC DISMISSAL of this action for failure to state a claim and shall count as a "strike" pursuant to 28

U.S.C. § 1915(g). Failure to submit the filing fee or *in forma pauperis* application may also result in DISMISSAL of the action for failure to prosecute.

    IT IS SO ORDERED.

    Dated: Honolulu, Hawaii, January 26, 2007.



    /s/ J. Michael Seabright
    J. Michael Seabright
    United States District Judge

*McShane v. OCCC, et al.*, Civ. No. 07-00027 JMS; ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915; dmp/ screening orders 07/McShane 07-27(dsm FTSC)